■ ARGONAUT INSURANCE COMPANY et al., Respondents, v TRAVELERS INSURANCE COMPANY, Appellant. [744 NYS2d 24] —Order, Supreme Court, New York County (Helen Freedman, J.), entered November 7, 2001, which, in this declaratory judgment action by plaintiff reinsurers, denied defendant's motion pursuant to the Federal Arbitration Act and CPLR 2201 and 7503 (a) to stay the action and compel arbitration, unanimously affirmed, with costs.

The underlying dispute between the parties concerns defendant's entitlement to reimbursement from plaintiff reinsurers for a settlement paid by defendant to its insured Witco for environmental pollution claims arising from Witco's operation of industrial and waste disposal sites throughout the country. Plaintiff reinsurers, whose obligations to defendant arise under certificates of reinsurance issued to defendant, allege that they are not obligated to reimburse defendant because defendant breached its contractual obligations by failing to furnish relevant information and records and because defendant improperly treated the numerous distinct Witco pollution occurrences as a single occurrence and by that improper device seeks to trigger plaintiffs' reimbursement obligations under the reinsurance certificates. The arbitration clause at issue is contained in only some of the certificates, and provides for arbitration only in the event that "an irreconcilable difference of opinion arise[s] as to the interpretation of this Contract." Although the Federal Arbitration Act enunciates a liberal policy in favor of arbitration, the duty to arbitrate is limited by the scope of the particular arbitration clause to which the parties have agreed (*see, Associated Indem. Corp. v Home Ins. Co.*, 19 F3d 1432 [1994]). Here, the motion court correctly determined that the arbitration clause in question is narrow, since it

expressly applies only to issues pertaining to interpretation of the reinsurance certificates, and correctly concluded that there had been no arbitrable matter identified, since defendant failed to specify any provision of the certificates requiring interpretation. The parties' only dispute as to interpretation centers on whether the defendant's settlement allocation to Witco, under a single occurrence theory, was consonant with the terms of the Travelers' underlying liability policies. While defendant is understandably desirous of having the viability of its single occurrence theory decided in an arbitral forum, the theory having already been decisively rejected in court (*Travelers Cas. & Sur. Co. v Certain Underwriters at Lloyd's*, 96 NY2d 583), it is manifestly not an issue within the narrow scope of what the parties agreed to arbitrate.

We have considered defendant's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sullivan, Lerner, Rubin and Friedman, JJ.